## CIRCUIT COURT OF THE CITY OF RICHMOND

Mutual Assurance
Society of Virginia

v.

Richard W. Graham

June 8, 1998

Case No. HI-619-4

BY JUDGE RANDALL G. JOHNSON

I have given further thought to an issue I raised at the hearing on Friday, specifically, whether Robert Chase, the plaintiff in the underlying case, is a necessary party to this action. I conclude that he is. Accordingly, and although I ruled to the contrary on Friday, summary judgment will not now be entered.

In *Erie Insurance Group v. Hughes*, 240 Va. 165, 393 S.E.2d 210 (1980), the court held that:

> Courts cannot afford [declaratory] "relief" when they lack the power to bind all parties to the controversy. "Actions or opinions are denominated 'advisory' … where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive." E. Borchard, *Declaratory Judgments* 35 (2d ed. 1941). The dispute "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Haworth*, 300 U.S. at 241. Without Kendrick and Viar as parties defendant, this action cannot be sufficiently conclusive.

240 Va, at 170; *see also*, *Blue Cross v. St. Mary's Hosp.*, 245 Va. 24, 36, 426 S.E.2d 117 (1993).

The same is true here. Va. Code § 38.2-2200(2) provides that if an execution on a judgment against an insured person is returned unsatisfied in an action brought to recover damages for personal injury sustained during the

life of a policy, then an action may be maintained against the insurer for the amount of the judgment. This means that if Robert Chase obtains a judgment against Richard Graham which is not satisfied by Graham, Chase can sue Mutual. And since Chase is not a party to this action, he cannot be bound by the court's ruling in this action. Thus, the same inconclusiveness that was present in *Erie* would be present here. Chase is a necessary party.

For the above reasons, summary judgment will be denied.

### Order

This cause came on June 5, 1998, to be heard on plaintiff's motion for summary judgment and was argued by counsel. Upon consideration whereof and for the reasons stated in the letter opinion dated this date, it is ordered that the motion for summary judgment is denied, plaintiff's objection being noted.